142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America Plaintiff-Appellee,
v.
Stephen B. KIRK, Defendant-Appellant.
 No. 97-30049.
D.C. No. CR 96-02021-AAM.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Feb. 5, 1998**.
Decided Apr. 7
, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington Alan A. McDonald, District Judge, Presiding.
 
 
 2
 Before BROWNING and O'SCANNLAIN, Circuit Judges, and MARQUEZ***.
 
 
 3
 MEMORANDUM*
 
 
 4
 Stephen B. Kirk appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Kirk contends that: (1) the district court erred by excluding evidence of a prosecution witness's vindictiveness; and (2) he was entitled to a new trial because the government failed to disclose material exculpatory evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 A. Excluded Evidence
 
 5
 Kirk contends that the district court erred by excluding evidence of the prosecution witness's vindictiveness.[1] This contention lacks merit.
 
 
 6
 The district court's decision that the prejudicial effect of evidence outweighs its probative value is reviewed for abuse of discretion. See United States v. Kallin, 50 F.3d 693, 696 (9th Cir.1995). Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." See Fed.R.Evid. 403.
 
 
 7
 Here, Kirk's counsel tried to cross-examine a witness about the character of the prosecution's witness, Stephen Hammers. Defense counsel told the court that the proffered testimony was relevant to show that Hammers was a vindictive person and that he framed Kirk. The district court denied the motion stating that, "I suppose on a proper legal basis analysis it's probably so remotely relevant that any value is far outweighed by consideration of time, collateral issues, and the injection of other matters in this case."
 
 
 8
 The district court did not abuse its discretion by excluding the evidence, because there was overwhelming evidence that Kirk possessed a firearm so that evidence that Hammers planted a firearm in Kirk's home had limited probative value. Roger Miller testified he sold Kirk a hunting license and transport tag. Charles Nelson testified that he sold Kirk an SKS rifle. Kirk told McFann and Odle that he owned an SKS rifle. Odle also testified that he saw the SKS rifle at Kirk's house and Kirk showed him a set of antlers from a deer Kirk shot. Raisor saw Kirk with an SKS rifle. Additionally, Odle and Raisor were cross-examined about whether Hammers put them up to telling on Kirk.
 
 
 9
 The excluded evidence had limited probative value on Hammers' possible motive for implicating Kirk. See Kallin, 50 F.3d at 696.
 
 B. Brady Violation
 
 10
 Kirk contends that he was entitled to a new trial because the government violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), when it failed to disclose sheriff's reports. We disagree.
 
 
 11
 Because there was no reasonable probability that the result of Kirk's trial would have been different, the government did not withhold material exculpatory evidence. See United States v. Zuno-Arce, 44 F.3d 1420, 1430 (9th Cir.), cert. denied, 516 U.S. 945, 116 S.Ct. 383, 133 L.Ed.2d 306 (1995); United States v. Marashi, 913 F.2d 724, 732 (9th Cir.1990) (explaining that because the prosecution's witness was cross-examined at trial and the disclosure of new notes with impeachment material would not have affected the jury's assessment of the witness' credibility, a new trial was not warranted).
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 **
 * The Honorable Alfredo C. Marquez, Senior Judge, United States District Court for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because the district court properly excluded the evidence under Fed.R.Evid. 403, we need not reach Kirk's contention that the exclusion was improper under Fed.R.Evid. 404(b)